## BRUN-CHAIX, INCORPORATED, v. L. E. ABADIE ET AL.

### Syllabus.

Where the legal effect of a transaction is to be gauged by the intention of the parties, the intention of one expressly declared and communicated by him to the other at the moment of the undertaking and not then challenged by the latter, will be taken as constituting their common intention.

Appeal from the Civil District Court, Parish of Orleans, No. 114,348, Division "A"; Honorable T. C. W. Ellis, Judge. Affirmed.

Hall, Monroe & Lemann, for plaintiff and appellee.

Emile Pomes, for defendant and appellant.

Dinkelspiel, Hart & Davey, for Civil Sheriff.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, a California corporation, was the holder of three notes of $664.44 each, executed by the defendants on July 9, 1913, and payable respectively in one, two and three years after their date. On July 13, 1914, plaintiff, upon receiving a sum sufficient to discharge the first note, namely, the one maturing July 9, 1914, delivered it into the hands of one Masera, a brother-in-law of defendants, under the circumstances hereinafter recited.

Subsequently, the two remaining notes not having been paid at maturity, plaintiff caused the mortgaged property to be sold in the present foreclosure proceeding; and Masera now claims as holder of the first note the right to share in the proceeds of the sale, which proceeds are not

sufficient to satisfy both his note and the two notes held by plaintiff.

The trial Court denied Masera the relief sought and the appeal from that judgment presents the single question of whether the transaction of July 13, 1914, constituted a payment and extinguishment of the first note or, as Masera contends, a sale of said note to him by plaintiff.

When the first note came due plaintiff forwarded it for collection to its agent in New Orleans, with instructions to notify defendants that if it was not forthwith paid, foreclosure thereon would be instituted. This notification was given, and thereupon one of the defendants, accompanied by his brother-in-law, Masera, called upon the agent and requested a few days' delay. This request the agent submitted to plaintiff by telegraph, as follows: "Abadie called today with his brother-in-law and stated he would positively pay the note on July 13th"; and having received the following reply: "Extend payment of Abadie note and interest to July 13th" the agent accordingly informed defendant that the delay would be granted. And there is no doubt and no contradiction of the fact that up to this period of the negotiations, the payment of the note and nothing more was discussed by the parties, nor of the further fact that if defendants or Masera harbored any contrary purpose or intention they had failed to communicate it to the agent, whose declared intention was to collect the note and whose authority extended no further.

On July 13, another of defendants and Masera called and paid the agent the amount of the note and interest and the latter thereupon handed the note to Masera without cancelling it or stamping it paid, though no request was made of him on that score. The amount thus received was designated by the agent upon his books and was subsequently

forwarded by him to his principal as a payment of the note; and as witnesses, both he and his clerk testify positively that at this last interview neither defendant nor Masera expressed any intention other than that of paying and retiring the note.

There is no doubt that in so far as plaintiff and its agent is concerned their intention, expressly disclosed to defendants and to Masera, was to receive payment of the note, and not to negotiate it; and consequently at best it was the duty of Masera, if his intention was to the contrary, that is, not to pay but to purchase the note, to have revealed this purpose to the agent. And this declaration of purpose Masera does not even claim he made, as the following excerpt from his testimony will disclose:

> Q. Can you swear that you told Mr. Oppenheim (the agent) that you were buying this note?
> A. No, I would not say that I told him that, but I know I went there with the purpose of buying the note.
> Q. But you did not tell him that?
> A. No, sir; and he did not tell me anything, either.

We have consequently no hesitancy in holding that the transaction constituted a payment of the note and not a negotiation or sale thereof.

> See *Weil v. Manufacturing Co.*, 42 A., 493.
> *Hutchinson v. Rice*, 105 La., 474.
> *Interstate Bank v. Irwin*, 138 La., 325.
> *Colley v. Thompson, No. 6716 of our Docket.*

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, December 18th, 1916.